Cota & Zeiler, APC
Lakeshore Plaza
4160 Temescal Canyon Rd, Suite 216
Corona, California 92883
Telephone: (714) 953-6600
Facsimile:  (888) 420-3271

Antonio A. Cota (227940)
tony@cotazeiler.com

Kerry P. Zeiler (233944)
kerry@cotazeiler.com

Attorneys for Plaintiff
**Phillip Baltazar**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phillip Baltazar,<br><br>      Plaintiff,<br><br>  v.<br><br>Capital One Bank (USA) N.A., Capital One Services, LLC; Hunt & Henriques; The Moore Law Group, APC; and ARS National Services, Inc.,<br><br>      Defendants. | **SACV12 - 01844 AG (ANx)**<br><br>Complaint for Damages for:<br>  1. Violations of Federal Fair Debt Collection Practices Act;<br>  2. Violation of California Rosenthal Fair Debt Collection Practices Act;<br>  3. Violations of Federal Fair Credit Reporting Act;<br>  4. Unlawful Use of Telephone Equipment (47 USC § 227);<br>  5. Violation of California Unfair Business Practices Act (Cal. Bus. & Prof. §§ 17200 *et seq.*); and<br>  6. Declaratory Relief |

## JURISDICTION & VENUE

1. Plaintiff **Phillip Baltazar** resides in the County of Los Angeles, State of California and has been a resident there at all times relevant to this Complaint.

2. Defendant **Capital One Bank (USA) N.A. ("Capital One Bank")** is a commercial bank with a federally approved charter, supervised by the Office of the Comptroller of Currency, and is headquartered and located in Glen Allen,

1

1  Virginia. **Capital One Bank** is a citizen of Virginia for purposes of this action

2  pursuant to 28 U.S.C. § 1348.

3      3.  Defendant **Capital One Services, LLC** (**"Capital One Services"**) is a

4  Delaware corporation headquartered and having a principal place of business in

5  McLean, Virginia.

6      4.  **Hunt & Henriques** is a general law partnership between attorneys

7  **Michael S. Hunt** and **Janalie A. Henriques**, whose headquarters and principle

8  place of business is in the City of San Jose, County of Santa Clara, State of

9  California.

10     5.  **The Moore Law Group, A Professional Corporation** is incorporated in the

11  State of California. Its headquarters and principal place of business is in the

12  City of Santa Ana, County of Orange, State of California.

13     6.  **ARS National Services, Inc.** is a California corporation whose

14  headquarters and principal place of business are located in Escondido,

15  California.

16     7.  This court also original jurisdiction over this matter pursuant to 28

17  U.S.C. § 1331 because the substantial questions of federal law at issue in this

18  matter are predominant.

19     8.  Venue in this judicial district is proper pursuant to 28 U.S.C. §

20  1391(b)(2) because most of the acts, omissions and events complained of by

21  plaintiff were perpetrated or occurred in this judicial district.

22

23                              GENERAL ALLEGATIONS

24     9.  Plaintiff is informed and believes, and thereon alleges, that **Capital One**

25  **Services, Hunt & Henriques** and **The Moore Law Group** were employees or

26  agents of defendant **Capital One Bank** and in doing the things alleged below

27  each acted in the course and scope of their employment or agency relationship

28  with **Capital One Bank.**

COMPLAINT FOR DAMAGES

10.  Plaintiff has had no business or contractual relationship with any defendant in this matter, including defendant **Capital One Bank**. He did not authorize defendant to obtain his credit background so the defendant could review it before deciding whether to make an offer. He never received any offer of credit or other services in connection with the alleged relationship, and never solicited any such offer. He never authorized or permitted any third party to take any of these actions, and no one else had any legal right to do so on his behalf. He never obtained any money, services or goods paid for by defendants, and never authorized anyone else to do so, either.

11.  In or around June, 2011, defendant **Capital One Bank** first attempted to shake down defendant. Either **Capital One Bank** or one of its authorized agents or employees contacted plaintiff directly, and falsely claimed that he owed **Capital One Bank** more than $30,000. **Capital One Bank** and its agent or employee threatened to damage plaintiff's credit if he did not pay the alleged debt. Plaintiff, who had no business relationship with **Capital One Bank** and owed it nothing, disputed the existence of the debt and demanded proof. To this end, and in good faith, he provided his correct mailing address in Redondo Beach, California, which no defendant previously had.

12.  **Capital One Bank** did not provide any proof to plaintiff as requested. It did, however, fail to acknowledge the dispute as to the validity of the claimed debt. It did not properly report the dispute to any of the credit bureaus to which it regularly reports, and instead continued to falsely report that plaintiff owed them a debt and that the alleged debt was past due.

12.  **Capital One Bank's** actions severely damaged plaintiff's credit. Plaintiff, prior to his June, 2011 encounter with defendant, had good credit and several active credit cards with banks because he regularly paid what he owed. One of his credit suppliers, CitiBank, obtained his credit report from one or more major credit bureaus, and saw **Capital One Bank's** false allegations. Plaintiff is

3

COMPLAINT FOR DAMAGES

1  informed and believes, and thereon alleges that solely because of **Capital One**
2  **Bank's** false allegations, CitiBank first reduced, and eventually terminated credit
3  services.

4      13.  Plaintiff formally disputed defendant's alleged debt with the major credit
5  bureaus. Despite having no proof of the debt, and their knowledge that the debt
6  was not, and is not, valid, **Capital One Bank** falsely purported to "validate" the
7  debt with the major credit bureaus and continued to falsely report both the
8  bogus debt and its alleged delinquency to these credit bureaus. To this day,
9  **Capital One Bank** continues to falsely report the bogus debt and its alleged
10  delinquency to credit bureaus and others, further damaging plaintiff's credit.
11  On information and belief, **Capital One Bank's** false and fraudulent reporting
12  of the bogus debt and delinquency was and continues to be published in writing
13  to the major credit bureaus. This false information has already resulted in
14  plaintiff's loss of credit availability. Plaintiff is informed and believes the
15  defendant's false accusations also caused an extreme increase in the cost of
16  credit where it is available to him.

17      14.  Plaintiff is an employee of a large and well-known local defense
18  contractor. Defendant's false claims and negative reporting pose a threat to
19  plaintiff's employment and future career advancement. As a defense contractor,
20  his employer expects plaintiff to be trustworthy, prudent and fiscally
21  responsible, and these qualifications are directly related to his perceived ability
22  to do his job. Plaintiff is informed, believes, fears and thereon alleges that
23  defendant's false statements and allegations of serious delinquent debt may
24  injure his career by, among other things, subjecting him to discipline by his
25  employer, up to and including termination. Plaintiff is further informed and
26  believes and thereon alleges that he will be denied promotion to any related
27  internal job he applies for which requires any additional security clearance
28

4

COMPLAINT FOR DAMAGES

1  because defendant's spurious allegations will result in the denial of such security

2  clearances.

3      15.  Despite his requests for proof of the debt made to all defendants,

4  defendant did not send anything at all to plaintiff until after January 1, 2012

5  when **Capital One Bank** sent a billing statement falsely claiming plaintiff owed

6  them about $31,007.

7      16.  In an attempt to mitigate his already serious damages, and because all

8  named defendants refused to cooperate with his requests for proof of the debt,

9  plaintiff retained counsel to investigate defendant's claims, provide defendant

10  with relevant information if necessary to informally resolve the dispute, and

11  protect his rights. The hiring of counsel was made necessary by the conduct of

12  defendant and its agents and employees, and plaintiff incurred significant costs

13  as a result of being forced by defendants to conduct his own investigation and

14  which costs were increased as a result of defendant's willful failure to cooperate

15  or act in good faith.

16      17.  On February 1, 2012, counsel wrote to defendant **Capital One Bank**

17  about this matter on his law firm letterhead. At all times relevant herein,

18  counsel's name, telephone number and mailing address were readily

19  ascertainable by defendant and all of its agents and employees both from the

20  letterhead itself, and from the California State Bar website. **Capital One Bank**

21  received counsel's letter on February 6, 2012. This letter informed **Capital One**

22  **Bank** that plaintiff retained counsel and that all further communications should

23  be in writing and directed to counsel rather than plaintiff. Defendants **Capital**

24  **One Services, Hunt & Henriques, The Moore Law Group,** and **ARS National**

25  **Services** all had actual and constructive knowledge of this letter and its

26  contents.

27

28  / / /

COMPLAINT FOR DAMAGES

18.  The February 1, 2012 letter was a demand for a bill of particulars under California law, requesting various documents that would exist if the debt were real.

19.  Defendants **Capital One Services, Hunt & Henriques, ARS National Services**, and **The Moore Law Group** all have as their principal business purpose the collection of debts allegedly owed to others besides themselves, including defendant **Capital One Bank**. All of these defendants and their agents and employees regularly use telephones, mail, the Internet, and other such instrumentalities of interstate commerce in their efforts to collect those alleged debts. Defendant **Capital One Bank** either created or hired every other defendant to operate as "debt collectors" within the meaning of the federal Fair Debt Collection Practices Act (15 USC §§ 1692 *et seq.*) and California's Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788 *et seq.*).

20.  With actual and constructive knowledge that plaintiff retained counsel and had instructed defendant **Capital One Bank** and its agents or assigns not to do so, and with actual and constructive knowledge that the law forbade it, defendants and their agents or employees, while acting in the course and scope of said agency and employment, each repeatedly communicated with plaintiff dozens of times through the mail and through telephone calls after February 6, 2012. The purpose of each of these telephone calls to plaintiff was to coerce plaintiff to pay money to them, even though they knew and should have known that he owed them nothing. Plaintiff is informed and believes, and thereon alleges that defendants used an automatic telephone dialing system to repeatedly bother plaintiff at his home, work and cellular telephones. Plaintiff is informed and believes and thereon alleges that many of these telephone calls used an artificial or prerecorded voice. Plaintiff is informed and believes and thereon alleges that on many or all of these occasions, defendants knowingly concealed the true origin of these telephone calls by knowingly and willfully

COMPLAINT FOR DAMAGES

"spoofing" their caller identification information so as to transmit inaccurate, misleading or false caller identification information to plaintiff.

21.  Plaintiff is informed and believes and thereon alleges that at the time of making each of these telephone calls, each defendants' employees and agents originated the calls within the United States or one of its territories. At every time these calls were made, defendants and their employees and agents knew that it was unlawful to use an automatic telephone dialing system to call plaintiff's telephone numbers and that he never expressly consented to any such communications; they all knew that it was forbidden to use any artificial or prerecorded voice in connection with their collection scheme. At all times, defendant and its agents and employees knew these practices were forbidden by federal law, including, but not limited to: 47 USC § 227 and 47 CFR § 64.1604(a).

22.  Plaintiff is informed and believes and thereon alleges that defendants' agents and their employees acting in the course and scope of their agency and/or employment collectively made at least approximately 40 such calls.

23.  At all of these times, and as already stated, these defendants all knew that plaintiff was represented by counsel and that such direct communications with plaintiff were prohibited by the federal Fair Debt Collection Practices Act (15 USC § 1692c(2)) and California's Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788 *et seq.*).

24.  Rather than timely respond to plaintiff's demand for a bill of particulars, **Capital One Bank** by and through its agents **Hunt & Henriques** sued plaintiff in the Superior Court for the State of California, County of Los Angeles, Case No. YC066523. That complaint was filed on February 21, 2012. Plaintiff was never served with that complaint. **Capital One Bank** and **Hunt & Henriques** knew that the lawsuit against plaintiff was fatally defective and that there was no evidence whatsoever that plaintiff agreed to anything.

COMPLAINT FOR DAMAGES

1  Additionally, **Hunt & Henriques,** which holds itself out as "specializing" in the
2  recovery of alleged delinquent consumer obligations, knew that California
3  procedural rules precluded the introduction of any account evidence which
4  defendant did not timely provide in response to plaintiff's February 1, 2012
5  demand for a bill of particulars. In other words, not only was there no evidence
6  of any debt to defendant at the time of filing of the lawsuit, but if defendant
7  later purported to have some, it is barred from producing it in court against
8  plaintiff. The unmeritorious and unwinnable suit was wisely dismissed (without
9  prejudice), and for good reason, since the inevitable result would have been
10  judgment in plaintiffs favor.

11      25. **Capital One Bank,** after dismissing their unwinnable lawsuit against
12  plaintiff on April 24, 2012, ordered **The Moore Law Group** to reinstate
13  collections and to threaten to sue despite defendants' actual and constructive
14  knowledge that the suit was barred by law, fatally defective, and unsupported
15  by the facts known to them.

16      26.  Defendants' unlawful collection activities continued unabated and
17  increased in aggravation. For instance, on July 13, 2012 one of **The Moore Law**
18  **Group's** attorneys, Angela Dawson *wrote directly to plaintiff without his*
19  *counsel's knowledge or consent,* despite prudently, competently, and completely
20  reviewing the file, including the February 1, 2012 letter. Attorney Dawson's
21  letter to plaintiff was about the alleged debt and was in knowing, willful and
22  flagrant violation of California Rules of Professional Conduct Rule 2-100(a).
23  **The Moore Law Group** knowingly and willfully continued to send letters
24  containing misleading and outright false statements of facts, including, but not
25  limited to, false statements about **Capital One Bank's** principal place of
26  business, their ability to obtain a judgment against plaintiff, and their ability to
27  obtain attorney fees or costs of court.

28

COMPLAINT FOR DAMAGES

27. In doing each of these things and permitting each of its agents, employees and attorneys to do them, all defendants acted intentionally, recklessly, willfully, and maliciously in their efforts to intentionally injure plaintiff and with conscious and flagrant disregard for his rights so as to make the imposition of punitive damages proper.

28. In the alternative, defendant and each of its agents, employees and attorneys acted with negligence and gross negligence in doing the things complained of.

## FIRST CAUSE OF ACTION:
### Violation of FDCPA (**All Defendants**)

29. The acts and omissions of defendants by and through its authorized agents and employees, as alleged above, violated the federal Fair Debt Collection Practices Act which at all times barred defendants and their agents and employees from: (a) communicating with plaintiff when they knew him to be represented by counsel (15 USC § 1692c(a)(2)); (b) using false, deceptive or misleading representations in connection with the collection of the alleged debt (15 USC § 1692e); (c) falsely representing both the character and legal status of the alleged debt and compensation which may be received by the debt collector thereon (15 USC § 1692e(2)); (d) threatening to take an action that cannot legally be taken (15 USC § 1692e(5); (e) communicating and threatening to communicate to credit reporting bureaus information they knew or should have known was false, and failing to report that the debt was disputed by plaintiff (15 USC § 1692e(8); and (f) using false and deceptive means to collect the alleged debt (15 USC § 1692e(10). Plaintiff is informed and believes and thereon alleges that defendants did all of these things.

///

///

9

COMPLAINT FOR DAMAGES

SECOND CAUSE OF ACTION:

Violation of California Rosenthal FDCPA (**All Defendants**)

30.  The acts and omissions of defendant by and through its authorized agents and employees, as alleged above, violated the California Rosenthal Fair Debt Collection Practices Act. (Civ. Code §§ 1785 *et seq.*)

THIRD CAUSE OF ACTION:

Violation of FCRA (**Capital One Bank**)

31.  The acts and omissions of defendant by and through its authorized agents and employees, as alleged above, violated the federal Fair Credit Reporting Act (15 USC § 1681 *et seq.*). **Capital One Bank** personally or through its authorized agents, employees and attorneys negligently failed to comply with the FCRA by reporting inaccurate and false information to consumer credit reporting bureaus concerning the alleged debt of plaintiff after plaintiff and his counsel both told them the information was inaccurate and despite the fact that its own records demonstrated the inaccuracy. **Capital One Bank** thus knew or should have known the information was inaccurate but reported it anyway, and refused to report it as disputed (15 USC § 1681s-2), causing plaintiff to suffer damage in an amount to be proved at trial.

FOURTH CAUSE OF ACTION:

Unlawful Use of Telephone Equipment

(**Capital One Bank, Capital One Services, ARS National Services**)

32.  As set forth above, defendants at no time established any contractual or business relationship with plaintiff. Plaintiff's contacts with defendants were involuntary, without consideration, and not based on any purchase or transaction of his whatsoever. And even if they were, plaintiff's counsel's letter of February 1, 2012 terminated any authority to call him. Plaintiff is informed

COMPLAINT FOR DAMAGES

1   and believes and thereon alleges that these defendants nevertheless used an

2   automatic telephone dialing system having the capacity to store, produce and

3   dial telephone numbers randomly or sequentially, to dial his home and work

4   telephone numbers as well as his cellular telephone. Plaintiff is further informed

5   and believes and thereon alleges that on some or all of these calls, the

6   defendants used either an artificial or prerecorded voice. All of these acts in

7   making said telephone calls constituted an unlawful use of telephone equipment

8   in violation of 47 USC § 227 and 47 CFR § 64.1604(a).

9

10   FIFTH CAUSE OF ACTION:

11   Unfair Business Practices (**All Defendants**)

12   33.  At all times relevant to this complaint, Cal. Bus. & Prof. Code § 17200

13   was operative and barred the above-referenced unlawful, unfair, and fraudulent

14   business practices acts of defendant and its agents. Each violation of the above-

15   referenced laws independently violated Cal. Bus. & Prof. Code § 17200,

16   injuring plaintiff, and others in an amount to be proved at trial.

17

18   SIXTH CAUSE OF ACTION:

19   Declaratory Relief (**Capital One Bank**)

20   34.  In addition to the award of money damages, costs of suit, and

21   reasonable attorney's fees according to law, plaintiff seeks, by way of this suit,

22   declaratory relief. In other words, plaintiff requests a judicial finding that he

23   owes no debt to, and had no contract with defendant **Capital One Bank**.

24

25   PRAYER FOR RELIEF

26   **Wherefore**, plaintiff **Phillip Baltazar** prays for judgment against defendants,

27   and each of them, as follows:

28   1.  General damages in the sum according to proof;

COMPLAINT FOR DAMAGES

2. Loss of income incurred, and to be incurred according to proof;

3. Statutory damages according to law;

4. Treble damages according to law;

5. Punitive damages according to law;

6. For the interest provided by law including, but not limited to, California Civil Code §3291;

7. Costs of suit incurred;

8. Reasonable attorney's fees where permitted according to law;

9. Declaratory relief;

10. Injunctive relief; and

11. Such other relief as this honorable court deems just and proper.

Respectfully submitted by

**Cota & Zeiler**

Date:  October 22, 2012

Antonio A. Cota
Attorney for Plaintiff
Phillip Baltazar

12

COMPLAINT FOR DAMAGES

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| Phillp Baltazar <br><br> _Plaintiff(s)_ <br><br> v. <br><br> Capital One Bank (USA) N.A.; Capital One Services, LLC; Hunt & Henriques; The Moore Law Group, APC; and ARS National Services, Inc. <br><br> _Defendant(s)_ | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.   **SACV12 - 01844 AG (ANx)** |

## SUMMONS IN A CIVIL ACTION

TO: _(Defendant's name and address)_

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Antonio A. Cota
> COTA & ZEILER, APC
> Lakeshore Plaza
> 4160 Temescal Canyon Rd., Ste. 216
> Corona, CA 92883

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ___10-23-12___

**LORI WAGERS**

_Signature of Clerk or Deputy Clerk_

1225

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Phillip Baltazar

**DEFENDANTS**
Capital One Bank (USA) N.A.; Capital One Services, LLC; Hunt & Henriques;
The Moore Law Group; and ARS National Services, Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Cota & Zeiler, APC
Lakeshore Plaza, 4160 Temescal Canyon Rd., Ste. 216, Corona, CA 92883
(714) 953-6600

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** 250,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq. (FDCPA) for unlawful collections of a non-existent debt

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☑ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

---

**FOR OFFICE USE ONLY:** Case Number: _____ **SACV12 - 01844 AG (ANx)** _____

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, CA | San Diego County, CA; Santa Clara County, CA; Virginia; Delaware, |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, CA; Los Angeles County, CA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 10/22/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

**SACV12- 1844 AG (ANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY